UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EARNEST BROWN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 1:14-CV-303 |
| v. ) | |
| ) | |
| TDOC COMMISSIONER DERRICK ) | |
| SCHOFIELD, WARDEN ERIC ) | |
| QUALLS, and CORRECTIONAL ) | |
| OFFICER CHRISTOPHER DODSON, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM and ORDER

Plaintiff Earnest Brown has filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**, (Ct. File No. 3), and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). Because Plaintiff is an inmate, he will be allowed to pay the fee on an installment basis. Therefore, the custodian of inmate trust accounts at the institution where Plaintiff now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1). After the initial partial filing fee has been paid, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to his trust

account for the preceding month), but only when his monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the Plaintiff's place of confinement, to the Commissioner of the Tennessee Department of Correction, and to the Warden of BCCX, to ensure compliance with the assessment procedures outlined herein. The Clerk is further **DIRECTED** to furnish a copy to the Court's financial deputy. All payments should be sent to the <u>Clerk's Office, USDC; 900 Georgia Avenue, Room 309; Chattanooga, TN 37402</u>. This order **SHALL** become a part of the Plaintiff's inmate file and follow him if he is transferred to another institution. The agency having custody of the Plaintiff **SHALL** continue to collect monthly payments from the Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

According to the Plaintiff's pleading, at 5:48 PM on August 12, 2014, Defendant Correctional Officer Christopher Dodson repeatedly punched Plaintiff as he lay face down on the ground in handcuffs, then picked him up by the handcuffs and feet and threw him head first into the shower, causing him to hit his head on the shower wall. Another officer held both of Plaintiff's legs "pig style" while Defendant Dodson continued to assault Plaintiff, who then was in protected custody. For the distress, pain, and suffering which it is claimed resulted from the alleged infringement of his constitutional rights, the Plaintiff seeks damages.

2

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Court examines the complaint in light of these requirements.

Plaintiff has named, as additional Defendants, Derrick Schofield, Commissioner of the Tennessee Department of Correction, and Eric Qualls, Warden of BCCX. However, the Plaintiff makes no allegations of fact against these two Defendants. To the extent Plaintiff has named the Commissioner and the Warden as Defendants based on a belief they bear overall responsibility for running the BCCX and for supervising the conduct of its correctional officers, this is not a viable basis for relief. This is so because § 1983 liability must be based on more than respondiat superior, or a defendant's right to control employees. *See, e.g., Ashcroft*, 556 U.S. at 676 ("vicarious liability is inapplicable to . . . § 1983 suits"); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). A "simple awareness of employee's misconduct" is not enough. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Unless there is some affirmative showing

3

that these two Defendants authorized, approved, or knowingly acquiesced in the alleged conduct of Defendant Dodson, the Plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)). Because the complaint contains no allegations to establish the showing which must be made to hold these Defendants liable, Commissioner Schofield and Warden Qualls are **DISMISSED** from this suit for the Plaintiff's failure to state a claim against them.

The Clerk is **DIRECTED** to send the Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Christopher Dodson. The Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

The Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against the Defendant.

Plaintiff is **ORDERED** to inform the Court in writing, and the Defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

**ENTER**:

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**